UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| YANINA ROMO,<br><br>       Plaintiff,<br>vs.<br><br>TRANS UNION, LLC,<br><br>       Defendant. | Civil Action No.: _____<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br>DEMAND FOR JURY TRIAL |

  Plaintiff Yanina Romo ("Plaintiff") brings this action against defendant Trans Union, LLC ("TransUnion" and/or "Defendant"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

  1. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

  2. Defendant TransUnion has been reporting inaccurate payment status information regarding Plaintiff's student loan accounts serviced by FedLoan Servicing ("FedLoan"). Specifically, although the accounts were closed with a $0 balance, TransUnion continued to report that the current payment status of the FedLoan accounts was 120 days past due.

  3. Despite the fact that Plaintiff disputed the reporting in writing, Defendant failed to correct the reporting. Plaintiff was later denied an extension of credit based on Plaintiff's TransUnion credit reports, which included the disputed reporting, and has been forced to deal with aggravation and humiliation of a poor credit score. Accordingly, Plaintiff is entitled to damages.

## PARTIES

4. Plaintiff resides in Lee County, Florida, and qualifies as a "consumer" as defined and protected by the FCRA. Plaintiff is an individual, not an entity.

5. Defendant TransUnion is a foreign corporation that regularly conducts business in this jurisdiction. TransUnion qualifies as a "consumer reporting agency" under the FCRA.

## JURISDICTION AND VENUE

6. The claims asserted in this complaint arise under §§1681e and 1681i of the FCRA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

7. Venue is proper in this District under 28 U.S.C. §1391(b).

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

8. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained their consumer credit reports. Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. 1681a.

9. To that end, the FCRA imposes the following twin duties on consumer reporting agencies (or credit bureaus): (i) credit bureaus must assure maximum possible accuracy of information when preparing consumer reports, and set up reasonable procedures to maintain compliance with this standard; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

10. Plaintiff has a legally protected interest in Defendant fulfilling its duties under the FCRA, so that the information is reported and maintained fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

**Defendant Willfully Violated the FCRA and Harmed Plaintiff**

11. Defendant has been reporting inaccurate payment status information about Plaintiff's FedLoan student loan accounts.

12. Specifically, although the accounts were closed and had a $0 balance, TransUnion reported that the current payment status of the accounts was 120 days past due.

13. This reporting was materially misleading because it conveyed that Plaintiff was currently delinquent on payments, when that was not the case.

14. On or about March 19, 2020, Plaintiff disputed the reporting by submitting a written dispute through TransUnion's FCRA compliance department.

15. The receipt of the dispute triggered Defendant's obligations to conduct an investigation and correct the misleading reporting.

16. Defendant, however, failed to conduct an investigation and failed to correct the misleading reporting.

17. Had Defendant performed any reasonable investigation, it would have determined that accounts with a zero balance could not be late and past due, as such circumstances are inherently contradictory and nonsensical.

18. Defendant's FCRA violations harmed Plaintiff. In particular, Plaintiff was denied an extension of credit based on Plaintiff's TransUnion credit reports, which included the disputed reporting.

19. In addition, Plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a low credit score.

20. Accordingly, Plaintiff is entitled to damages.

## CAUSES OF ACTION

### COUNT I

### Against TransUnion for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i

21. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

22. The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports, as follows:

> *Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure **maximum possible accuracy** of the information concerning the individual about whom the report relates.*

15 U.S.C. §1681e(b) (emphasis added).

23. Upon receiving a consumer's dispute, credit bureaus are legally required to conduct an investigation and correct the disputed information contained in the report, as follows:

> …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency ***is disputed by the consumer*** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information***, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

*Id.* §1681i(a)(1) (emphasis added).

24. Credit reporting agencies are further required to provide prompt notice of the consumer's dispute to the furnisher of the disputed information, as follows

> ***Before the expiration of the 5-business-day period*** beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), ***the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person***. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

*Id.* §1681i(a)(2) (emphasis added).

25. TransUnion failed to follow reasonable procedures to ensure maximum possible accuracy of the information reported on Plaintiff's credit reports.

26. Although Plaintiff disputed the inaccurate information in writing, TransUnion willfully, or at least negligently, failed to perform a reasonable investigation and failed to remove the inaccurate information.

27. TransUnion's willful and/or negligent failure to follow reasonable policies and procedures and conduct a reasonable investigation was a direct and proximate cause of Plaintiff's injury.

28. As a result of TransUnion's statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

a) awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

b) awarding attorney's fees and costs, and other relief; and

c) awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  January 6, 2020	**COHEN & MIZRAHI LLP**

                                                      */s/ Yosef Steinmetz*
                                              YOSEF STEINMETZ

YOSEF STEINMETZ
FL Bar No.: 119968
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
Telephone:  929/575-4175
929/575-4195 (fax)
yosef@cml.legal

*Attorneys for Plaintiff*